# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                  **Case No. 06-CR-336**

**CHRISTIAN MARTINEZ**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Christian Martinez pleaded guilty to conspiracy to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846, and I set the case for sentencing. In imposing sentence, the district court must follow a two-step process: (1) calculate the applicable sentencing guideline range, then (2) apply all of the factors set forth in 18 U.S.C. § 3553(a) to the facts and circumstances of the case. See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The parties agreed that defendant's offense involved 100 to 200 grams of cocaine, producing a base offense level of 18 under U.S.S.G. § 2D1.1(c), and that defendant qualified for a 3 level reduction for acceptance of responsibility under § 3E1.1, for a final level of 15. Coupled with his undisputed criminal history category of IV, level 15 produces an imprisonment range of 30-37 months.

### II. SENTENCE

**A.    Section 3553(a) Factors**

In the imposing the ultimate sentence, the court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). The court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer," the court must sentence "based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**B.     Analysis**

   **1.     The Offense**

This prosecution arose out of the government's investigation of a large-scale cocaine distribution organization in the Waukesha, Wisconsin area, which included several wiretaps, including for the phone of Javier Aguilera, the main player in the conspiracy and defendant's cousin. Defendant obtained cocaine from and distributed cocaine for Aguilera, and during the monitoring of Aguilera's phone the government intercepted about twenty drug-related calls between the two. Aguilera regularly supplied defendant with 1/8 ounce quantities, and defendant sold to several smaller customers at Aguilera's direction. As indicated above, the parties agreed that defendant should be held responsible for 100 grams to 200 grams of cocaine.

   **2.     The Defendant**

Defendant was a twenty-three years old, with a not insignificant record for one so young: disorderly conduct ("DC") in 2003, theft in 2003, DC again in 2004, marijuana possession in 2006, criminal damage to property in 2007, and carrying a concealed weapon ("CCW") in 2007.[1] He performed poorly on supervision in the community in the past, being revoked twice. His performance on pre-trial release in this case was basically compliant, however, with negative drugs screens.

Defendant was born in Mexico and came to this country with his family at age thirteen. Defendant attributed his early troubles with the law to difficulty adjusting to the move and to his association with boys in the neighborhood. According to Immigration and Customs

---

[1] The final offense involved a steak knife, not a firearm, and was handled in municipal rather than state court.

3

Enforcement ("ICE"), defendant had not obtained citizenship but rather was present as the "immediate relative" of a U.S. citizen and thus subject to deportation. I did not doubt that deportation could be a hardship.

Defendant had not done too much with himself in this country – he dropped out of school, abused alcohol and drugs, worked irregularly and associated with a street gang. He did make some efforts to get a GED in 2008 at Waukesha County Technical College and again after being remanded in this case, which was positive. And, as noted above, he basically behaved himself while on bond in this case. I also received letters from several family members, which portrayed some positive qualities, and a number of supporters appeared at sentencing.

### 3. The Sentence

The guidelines recommended 30-37 months in this case, and I agreed that a period of imprisonment was necessary. Defendant's record suggested that his troubles with the law were escalating, and lesser sanctions had not sufficed to deter him. I also had to consider the need to protect the public. However, the total amount of cocaine involved was not all that high in this case, it did not appear that defendant was a dealer of any great significance, and his involvement stemmed primarily from his relationship with Aguilera, who directed his activities.

As defendant requested, I took into account the time he had spent in custody associated with this case. His probation on one of his state cases was revoked based on the instant offense conduct, resulting in him serving six months in jail. Because that sentence was discharged, I could not run the instant sentence concurrently, but I could consider this previous punishment based on the same conduct. The Seventh Circuit has recognized that where, as here, the conduct underlying the revocation and the instant offense is the same, "a concurrent

4

sentence would be reasonable," United States v. Huusko, 275 F .3d 600, 603 (7th Cir. 2001), and sentence adjustments when the revocation sentence is discharged may be appropriate, see, e.g., United Sates v. Valadez, No. 07-CR-245, 2008 WL 4066092, at *3 (E.D. Wis. Aug. 27, 2008).

However, any time defendant spent in custody on this case alone, both before he posted bail and after his remand, could be credited by the Bureau of Prisons, so I saw no basis for a further adjustment to account for that time. Likewise, I did not find the time he spent in the Walworth County Jail related to several municipal citations, including the 2007 CCW, a basis for an adjustment; that period of confinement was for unrelated misconduct.

Defendant also asked for consideration based on the conditions of his pre-trial confinement. I have assumed that this can be a valid sentencing consideration, but in this case defendant presented no evidence that his confinement had been particularly harsh or burdensome, warranting a shorter sentence. Defendant also asked me to consider his history and family background, as well as his substance abuse, which I did as part of my evaluation of the § 3553(a) factors.

Defendant requested a sentence of time-served, but I found that insufficient given the seriousness of the offense and defendant's record. Further punishment was necessary. Under all of the circumstances, I found a sentence of 20 months sufficient but not greater than necessary. This sentence provided just punishment, given the modest drug weight and the absence of any aggravation by violence or weapon possession. See 18 U.S.C. § 3553(a)(2)(A). It also properly accounted for defendant's record and represented a sufficient deterrent to a defendant who had never served time in prison before. See 18 U.S.C. § 3553(a)(2)(B) & (C). Given the seriousness of the offense and defendant's record, his

5

correctional treatment needs initially had to be met in the Bureau of Prisons, and later as conditions of supervised release (assuming he was not deported). See 18 U.S.C. § 3553(a)(2)(D).

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 20 months. This sentence varied modestly from the guidelines, and because it was supported by the particular facts discussed herein it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Upon release, I ordered defendant to serve three years of supervised release, with conditions including drug testing and treatment and avoidance of any gang association. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge